IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **SODEXHO OPERATIONS, L.L.C.,** ] | |
| ] | |
| Plaintiff, ] | |
| ] | |
| v. ] | CV-07-BE-1818-E |
| ] | |
| **TALLADEGA COLLEGE,** ] | |
| ] | |
| Defendant ] | |
| ] | |
| ] | |

**MEMORANDUM OPINION**

This matter is before the court on Plaintiff's "Motion for Summary Judgment" (doc. 12). For the reasons stated in this opinion, the court will GRANT Plaintiff's motion.

I.  FACTS

The following facts are undisputed:

Plaintiff Sodexho Operations, LLC ("Sodexho") and Defendant Talladega College entered into a contract effective October 29, 2001 under which Sodexho supplied food services at the college.  The contract provided that Sodexho would regularly invoice Talladega College for services provided by Sodexho and that payment of the invoices would be due within seven days of the invoice date.  It further provided that Talladega College would pay Sodexho interest at the lesser of 1.5% per month OR the highest contractual interest rate allowed by applicable state law on any amounts not paid when due. Under Article 8.2 of the Contract, Sodexho invested funds for the purchase of equipment for Talladega College's food service operation and renovation of its food services facilities.  The contract provided that such investment would be amortized on a

1

straight-line basis over a period of ten years. The contract further provided that in the event of termination of the Contract, Talladega College would reimburse Sodexho for the unamortized portion of the investment within five days after receipt of the notice of termination.

Sodexho provided food services to the college under the terms of the contract and as a result of the college's failure to pay amounts due to Sodexho under the contract, Sodexho terminated the contract by letter of August 14, 2007. Talladega College owes Sodexho $498,030.32 for amounts invoiced under the contract, exclusive of interest. Further, Talladega College owes Sodexho $157,552.60 for unamortized investment, exclusive of interest.

## II. STANDARD OF REVIEW

Summary judgment is proper under Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). "[A] party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying [the evidence that demonstrates] the absence of a genuine issue of material fact. *Id.* at 323. After the moving party demonstrates an absence of evidence to support the nonmoving party's case, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). If the evidence is "merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). Disagreement between the parties is not significant unless the disagreement presents a "genuine issue of material fact." *Anderson*, 477 U.S. at 247-48. A dispute of material fact is genuine if a

reasonable jury, applying the relevant law to the evidence presented, could return a verdict for the nonmoving party. *See Wright v. Sanders Lead Co.*, 2006 WL 905336 , *8-9 (M.D. Ala. 2006) *aff'd,* 217 Fed. App'x 925 (11th Cir. 2007)(*citing Barfield v. Brierton*, 883 F.2d 928, 933 (11th Cir. 1989)).

When considering a motion for summary judgment, a court must view the facts "in the light most favorable to the non-moving party . . . . ." *Harris*, 127 S. Ct. at 1776.  The court does not "weigh the evidence and determine the truth of the matter" but rather, simply focuses on whether a genuine issue of material fact exists.  *Anderson,* 477 U.S. at 249.

### III.  DISCUSSION

In the instant case, the parties agree that Talladega College owes Sodexho $655,582.92 (representing $498,030.32 for amounts invoiced under the contract and $157,552.60 for unamortized investment).  The only dispute between the parties is the amount of prejudgment interest that Talladega College owes.

#### A. Interest on the Unamortized Investment

Both parties agree that the correct rate of interest on the unamortized investment is 8% pursuant to Ala. Code § 8-8-1; Talladega College contends that the interest rate specified in Section 8.1 of the contract refers to unpaid invoiced amounts but is inapplicable to the amount owed in unamortized the investment, and Sodexho does not object to that interpretation.   The contract provided that in the event of its termination, Talladega College would reimburse Sodexho for the unamortized portion of the investment within five days after receipt of notice of termination.  (doc. 14-7, Ex. 2, provision 8.2, p. 16).  Plaintiff's counsel has agreed to accept September 6, 2007 as the last possible date that Talladega College received notice of the

contract's termination, based on President Oscar Prater's letter to Sodexho dated September 6, 2007. (doc. 14-7, p. 50). Accordingly, this court finds that Talladega College owes Sodexho prejudgment interest on the unamortized investment of $157,552.60 at the rate of 8% per year; that the beginning date for calculating such interest should be September 11, 2007, five days after President Prater's letter acknowledging notice; and that the total prejudgment interest due on the unamortized investment is $8,805.66.

### B.  Interest on Amounts Invoiced under the Contract

The remaining bone of contention between the parties is the correct rate of interest to be used in calculating the prejudgment interest due on the outstanding amounts invoiced under the contract, totaling $498,030.32. Both parties rely on the relevant provision of the contract between Sodexho and Talladega College, which provides as follows:

> ARTICLE VIII          FINANCIAL ARRANGEMENTS
> Section 8.1           Advance Resident Dining Billing Procedures
>
> Sodexho shall invoice Client for estimated amounts to be paid for resident dining for the next Accounting Period in advance on the first day of every Accounting Period. Commencing with the second advance billing, each invoice shall include an adjustment reconciling the estimated and actual charges, as supported by documentation, for the previous Accounting Period. Invoices shall be due within seven (7) days after the invoice date. *Client shall pay interest on any amounts not paid when due at the lesser of one and one-half percent (1.5%) per month or the highest contractual interest rate allowed by applicable state law*. Client shall reimburse Sodexho for all costs and expenses, including but not limited to, court costs, attorney's fees and collection service fees, incurred by Sodexho in collecting from Client any amount not paid when due.

(doc. 12, Ex. F, Att. 2, p. 12) (emphasis added).

Sodexho argues that the interest rate to be applied to the invoiced amounts based on this

contract provision is 1.5% per month, which translates to 18% per year. On the other hand, Talladega College argues that 8% per year is the proper rate of interest to be applied to the invoiced amounts based on this contract provision. According to Talladega College's reasoning, the highest contractual interest rate allowed by Alabama law is 8% per year; therefore, the contract provision's language provides for paying the lesser of 1.5% per month (18% per year) OR 8% per year – the Alabama statutory rate – and the lesser of these two rates is obviously the 8% rate.

The court will turn to Alabama law to determine what is "the highest contractual interest rate allowed" in this state. The relevant Alabama law on maximum rates of interests is stated in Ala. Code §§ 8-8-1 and 8-8-5:

> **Maximum rate of interest; generally.**
> *Except as otherwise provided by law*, the maximum rate of interest upon the loan or forbearance of money, goods, or things in action, except by written contract is $6 upon $100 for one year, *and the rate of interest by written contract is not to exceed $8 upon $100 for one year* and at that rate for a greater or less sum or for a longer or shorter time.

Ala. Code § 8-8-1 (emphasis added).

> **Rate of interest; original principal balance not less than $2,000**
> (a) Any person or persons, corporations . . . may agree to pay such rate or rates for interest for the loan or forbearance of money and *for any credit sales* as such person, corporation . . .may determine, notwithstanding any law of this state otherwise prescribing or limiting such rate or rates of interest; provided, that the original principal balance of the loan or forbearance of money or credit sales is not less than $2,000; provided further, that all laws relating to unconscionability in consumer transactions including but not limited to the provisions of Chapter 19 of Title 5, known as the Mini-Code, shall apply to transactions covered by this section.
> (b) As to any such loan or forbearance of money or credit sales made in compliance with subsection (a) of this section, neither such person, corporation. . . which may become liable, in whole or in part, for the payment of the debt and interest agreed to be paid thereon in accordance with the terms hereof . . . may raise or claim

the defense or benefit of the usury laws or any other law prescribing, regulating, or limiting such rate or rates of interest.

Ala. Code § 8-8-5 (emphasis added).

Although Talladega College relies on Section 8-8-1 and its 8% maximum rate, the court finds that Section 8-8-5 should apply instead.  The evidence before the court indicates that agreement between Talladego College and Sodexho was for food service over a ten-year period and that Sodexho's weekly invoice billed to Talladega College was $19,223.40.  (doc. 12, Ex. F; doc. 14-7 at 7, 40).  Sodexho's records on its Talladega College account in 2001 list the first invoice as having an original amount of $25,933.67.  (doc. 14-7 at 42).  Accordingly, Section 8-8-5 would apply, allowing the parties to agree to whatever interest rate they wish, subject to applicable unconscionability laws.  *See, e.g., E & W Bldg. Material Co., Inc. v. Am. Savings & Loan Ass'n*, 648 F. Supp. 289, 290 (M.D. Ala. 1986); *Williams v. E.F. Hutton Mortgage. Corp.*, 555 So. 2d 158, 160 (Ala. 1989).  Alabama law provides "no implicit standard of unconscionability," and courts faced with claims of unconscionable interest rates must examine the facts of each case.  *See E & W Bldg.*, 648 F. Supp. at 290-91 (finding loan agreement applying a 24.10% per year interest was not unconscionable; citing Ala. Code § 5-19-16 (1981); *Broadway v. Household Finance Corp.*, 351 So. 2d 1373, 1377 (Ala. Civ. App. 1977)); *see also Harris v. Howell*, 739 F. Supp. 565, 568 (N.D.Ala. 1989), aff'd, 902 F.2d 959 (11th Cir. 1990) (finding that a  20 % interest rate per year on loans secured by mortgages does not reflect usury or unconscionability, particularly given plaintiff's poor credit status); *Waide v. Bingham*, 583 So.2d 263, 265 (Ala. 1991) (concluding that trial court's award of interest rate of 1.5 % per month on open accounts policy was not palpably wrong or manifestly unjust); *Staples v. Jenkins*

*Builders*, 447 So.2d 779, 782 (Ala. Civ. App. 1984) (finding that interest rate on open account of 1.5 % per month did not violate truth in lending laws or applicable regulations).

Examining the facts of this case and applying Alabama law to those facts, the court finds that although the rate of 18% per year is high, it is not unconscionable. Talladega College is a renowned institution with access to fine legal advice and could have chosen another food service provider or walked away from contract negotiations if it disagreed with the 18% per year interest rate in this agreement. It chose, however, to enter into the contract with the 18% per year interest rate and is bound by that agreement. Accordingly, the court finds that the prejudgment interest due on the outstanding amounts invoiced under the contract ( $498,030.32) should be calculated at the rate of 1.5% per month (18% per year).

Although Talladega College disputes that 18% is the correct rate of interest, it has acknowledged that $94,771.41 is the amount of prejudgment interest owed on the invoiced amounts if the court were to calculate interest at the 18% per year rate. Sodexho has agreed to accept that figure. Therefore, the court finds the prejudgment interest due on the outstanding amounts invoiced under the contract to be $94,771.41.

This court will enter a separate order consistent with this opinion.

Dated this 23rd of May, 2008.

_Karon O. Bowdre_
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE